# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| SAJ GROUP, LLC,<br><br>      Plaintiff,<br><br>    v.<br><br>OETTINGER DAVIDOFF AG, and DAVIDOFF OF GENEVA USA INC.,<br><br>      Defendant. | Case No.   8:23-cv-02396<br><br>**COMPLAINT**<br>**FOR PATENT INFRINGEMENT**<br>**DEMAND FOR A JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT
## AND DEMAND FOR JURY TRIAL

Plaintiff SAJ Group, LLC, ("SAJ Group") by its undersigned counsel and for its patent infringement complaint against Defendants Oettinger Davidoff AG ("Davidoff AG") and Davidoff of Geneva USA Inc. ("Davidoff USA"), collectively ("Davidoff") sets forth as follows:

### INTRODUCTION

1. SAJ Group brings this patent infringement lawsuit involving U.S. Design Patent No. D819,884, issued June 5, 2018 and titled, "Glass with integrated rests for tobacco products" ("The '884 patent) and U.S. Design Patent No. D846,184, issued April 16, 2019 and titled "Glass with integrated rests for tobacco products" ("The '184 patent"), together referred to as the Patents-in-suit against Davidoff AG and Davidoff USA, pursuant to 35 U.S.C. §101 et. seq. and §§271, 281, 283, 284, 285 & 289 inclusive, for infringement of one or more claims of the patents-in-suit.

## PARTIES

2. SAJ Group is the owner of all right, title, and interest in the Patents-in-suit. SAJ Group is incorporated in Illinois and has its principal place of business at: SAJ Group, 8354 South Oglesby, Chicago, IL 60617.

3. James A. Shotwell is the principal of SAJ Group and the sole inventor of the Patents-in-suit. Mr. Shotwell is a veteran of the US Army National Guard in Illinois and currently lives in Chicago, Illinois

4. Davidoff AG is a Swiss company with its principal place of business in Basel, Switzerland.

5. Davidoff USA is a Delaware company and wholly owned subsidiary of Davidoff AG. Davidoff USA has a principal place of business at 3001 Gateway Centre Parkway Pinellas Park, Fl 33782. Davidoff USA is registered to do business in this state and can be served via its registered agent, Diane Kalambokas at 3001 Gateway Centre Parkway Pinellas Park, Fl 33782.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because SAJ Group's claims arise under the patent laws of the United States, Article 1, Section 8, Clause 8 of the U.S. Constitution, codified at 35 U.S.C. § 101 et seq.

7. This Court has personal jurisdiction over Defendant Davidoff AG because Davidoff AG has committed and continues to commit acts of infringement in this district, namely making, selling, using, importing and

offering to sell the Winston Churchill Cigar Glass which infringes the '184 and '884 patents.

8. This Court has personal jurisdiction over Defendant Davidoff USA because Davidoff USA's principal place of business is located in this district at 3001 Gateway Centre Parkway Pinellas Park, Fl 33782. *See* http://oettingerdavidoff.com/who-we-are.

9. Davidoff USA also makes, sells, uses, imports and offers to sell infringing products in this district.

10. Venue is proper in this Court as against Defendant Davidoff USA under 28 U.S.C. § 1400(b) based on information set forth herein, namely Davidoff USA's acts of infringement and maintenance of at least one regular and established place of business within this District .

11. Because Davidoff AG is a foreign entity, venue is governed by 28 U.S.C. § 1391(c)(3) and is proper in this Court based on Davidoff AG's acts of infringement in this District.

## THE ASSERTED DESIGN PATENTS

12. On November 22nd, 2016 Mr. Shotwell filed a patent application for the ornamental design of a glass with integrated rests for tobacco products he invented. His invention was granted several patents including the '884 patent and the '184 patent. Mr. Shotwell designed the inventions covered by the '884 and '184 patents while working at the Cook County Public Defender's Office as the Deputy Chief of Investigations.

13. The '884 patent was duly and legally issued by the United States Patent Office on June 5th, 2018. Defendants have no license to the '884 patent either expressly or implicitly nor does Defendant enjoy or benefit from any rights in the '884 patent whatsoever.

14. A true and correct copy of the '884 patent is attached as **Exhibit A**.

15. The '184 patent was duly and legally issued by the United States Patent Office on April 16th, 2019. Defendants have no license to the '184 patent either expressly or implicitly nor does Defendant enjoy or benefit from any rights in the '884 patent whatsoever.

16. A true and correct copy of the '184 patent is attached as **Exhibit B.**

17. Copies from the figures of the '884 and '184 patent are produced below:



FIG. 8  
*Figure from the '884 patent*

FIG. 1  
*Figure from the '184 Patent*

**THE INFRINGING PRODUCTS**

18. Defendants have and continue to sell and offer to sell the "Davidoff

Winston Churchill Cigar Spirit Glass" ("Cigar Glass"). The following images of the product were taken from the Davidoff USA website:



19. The Davidoff USA website describes, "These glasses are equipped with two notches that are designed to rest your cigar." *See* https://us.davidoffgeneva.com/davidoff-winston-churchill-cigar-spirit-glass/

20. As shown, the Cigar Glass includes key features of the Patents-in-suit. The Cigar Glass has integrated rests which are used to hold tobacco products.

21. The integrated rests of the Cigar Glass are virtually identical to the integrated rests claimed by the Patents-in-suit.

22. An ordinary observer or purchaser would find the overall design of Patents-in-suit and the Cigar Glass substantially similar and mistakenly purchase a DavidoffCigar Glass thinking it to be the patented Cigar Glass.

23. The term "Infringing Products" refers to, by way of example and without limitation, Defendant's "Davidoff Winston Churchill Cigar Spirit Glass."

## BACKGROUND

24. Davidoff AG has been aware of the '884 and '184 patents and their infringement of the patents at least as early as August 23, 2017.

25. On August 23, 2017 Hans-Kristian Hoejsgaard, then CEO of Davidoff AG, received a letter ("The August 23, 2017 Letter") via UPS from Reginald J. Hill on behalf of SAJ Group LLC.

26. The August 23, 2017 letter contained a copy of the figures of the '184 and '884 patent applications without identifying the patent applications by number.

27. The August 23, 2017 letter identified the Cigar Glass as likely infringing the patent rights that would be granted when the '184 and '884 patents issue.

28. On September 22, 2017 Davidoff AG responded to the August 23, 2017 letter via counsel. This reply did not deny the similarity of the Cigar Glass to Mr. Shotwell's designs.

29. Further communication with Davidoff AG did not lead to any agreement.

30. On information and belief, Davidoff AG and Davidoff USA have monitored the prosecution of the '184 and '884 patents and became aware of their issue.

31. On April 17, 2019, SAJ Group filed a complaint for patent infringement against Davidoff AG and other defendants in the Northern District

of Illinois alleging infringement of the '884 patent. *See* SAJ Group, LLC v. Oettinger Davidoff AG et al., NDIL Case No. 1:19–cv–02606. The April 2019 complaint is attached as **Exhibit C.**

32. The April 2019 complaint informed Davidoff AG of the '884 patent and identified the Cigar Glass as infringing the '884 patent.

33. On September 11, 2019, SAJ Group voluntarily dismissed it's earlier case against all defendants, prior to the filing of an answer or motion from the earlier defendants, and the case was dismissed without prejudice on September 12, 2019. *See Id* at Dkt. Nos. 32 and 33.

34. Davidoff AG and Davidoff USA continued to manufacture, sell, import and offer to sell the Cigar Glass throughout this period.

35. Davidoff AG and Davidoff USA feature the Cigar Glass prominently in their advertisements to bolster sales of premium cigars:



*Taken on 4/30/2023 at Davidoff USA flagship store in Houston Texas*

36. Davidoff AG and Davidoff USA bundle sales of the Cigar Glass to sales of premium cigars which leads to increased sales of their premium cigars:



*https://us.davidoffgeneva.com/davidoff-winston-churchill-the-original-series-toro-set/*

## COUNT 1 –INFRINGEMENT OF THE '884 PATENT

37. Plaintiff restates and realleges paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. Defendants have, under 35 U.S.C. § 271(a), directly infringed, and continue to infringe the sole claim of the '884 patent at least through the sale, offer for sale, and manufacture of the Infringing Products.

39. On information and belief, Defendants have been aware of the '884 patent both while it was pending and after it was granted.

40. Defendants' infringement has been, and continues to be, knowing, intentional, and willful. This case is exceptional and, therefore, SAJ Group is

entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

41. On information and belief, Defendants did not have a reasonable basis for believing that the '884 Patent was invalid.

42. Defendants' acts of infringement of the '884 patent have caused and will continue to cause SAJ Group damages for which SAJ Group is entitled to compensation pursuant to 35 U.S.C. §§ 284, 285 and/or 289.

### COUNT 2 –INFRINGEMENT OF THE '184 PATENT

43. Plaintiff restates and realleges paragraphs 1 through 36 of this Complaint as if fully set forth herein.

44. Defendants have, under 35 U.S.C. § 271(a), directly infringed, and continue to infringe the sole claim of the '184 patent at least through the sale, offer for sale, and manufacture of the Infringing Products.

45. On information and belief, Defendants have been aware of the '184 patent both while it was pending and after it was granted.

46. Defendants' infringement has been, and continues to be, knowing, intentional, and willful. This case is exceptional and, therefore, SAJ Group is entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

47. On information and belief, Defendants did not have a reasonable basis for believing that the '184 Patent was invalid.

48. Defendants' acts of infringement of the '184 patent have caused and will continue to cause SAJ Group damages for which SAJ Group is entitled to compensation pursuant to 35 U.S.C. §§ 284, 285 and/or 289.

## JURY TRIAL DEMANDED

49. SAJ Group respectfully demands a trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

50. WHEREFORE, SAJ Group respectfully requests the Court enter judgment in favor of SAJ Group on all counts and grant the following relief:

   a. Permanent injunctive relief barring the activities of Defendants that infringe upon SAJ Group's rights in the Patents-in-suit;

   b. Award damages to SAJ Group in an amount of a reasonable royalty under 35 U.S.C. 284;

   c. Award damages to SAJ Group in an amount of disgorgement of Defendants' profits under 35 U.S.C. 289.

   d. A judgment that this case is exceptional;

   e. Award to SAJ Group its reasonable attorney's fees, costs, and expenses pursuant to 35 U.S.C. 285 or otherwise permitted by law;

   f. An award enhancing the damages awarded to SAJ up to treble damages for willful infringement under 35 U.S.C.284.

   g. Award to SAJ Group Pre- and post-judgment interest on the damages awarded;

   h. All other relief the Court deems just and appropriate.

| | |
|---|---|
| Dated: 10/23/2023 | Respectfully submitted, |
| | _/s/ Weir L. King III_<br>Weir L. King III<br>Florida Bar No. 1039989<br>772-486-4486 |
| | Joseph J. Zito (Special Admission Pending)<br>202-466-3500<br>WHITESTONE LAW<br>1850 Towers Crescent Plaza, #550 Tysons, Virginia 22182<br>wking@whitestone.law<br>jzito@whitestone.law<br>*Attorneys for Plaintiff*<br>SAJ Group, LLC |