### IN THE UNITED STATES DISTRICT COURT
### FOR THE NOTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SAJ GROUP, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:19-cv-02606 |
| v. | ) | |
| | ) | |
| OETTINGER DAVIDOFF AG, | ) | |
| GERALD BERNARD GALLERY, INC., | ) | |
| BIGGS MANSION, LLC, | ) | JURY DEMANDED |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Now comes Plaintiff SAJ GROUP, LLC, by its undersigned counsel Loevy & Loevy, and

for its patent infringement complaint against Defendants OETTINGER DAVIDOFF AG,

GERALD BERNARD GALLERY, INC., and BIGGS MANSION, LLC, alleges as follows:

### INTRODUCTION

1.      This is a patent infringement lawsuit involving U.S. Design Patent No. D819,884,

issued June 5, 2018, titled "Glass With Integrated Rests for Tobacco Products" ('884 Patent).  A

copy of the '884 Patent is attached as Exhibit A.

2.      While the application for the '884 Patent was pending, SAJ GROUP contacted

DAVIDOFF to apprise it of the pending application and engaged in an unsuccessful attempt to

resolve DAVIDOFF's sales of a product that would infringe the claims of the '884 Patent.

### PARTIES

3.      Plaintiff SAJ GROUP is the owner of all right, title, and interest in '884 Patent.

SAJ GROUP has its principal place of business in Chicago, Illinois.

4.      James A. Shotwell is the principal of SAJ GROUP and the inventor of the '884

Patent.  Mr. Shotwell lives in Chicago, Illinois, and is employed by the Cook County Public

Defender's Office as Deputy Chief of Investigations.  Mr. Shotwell is a former Lieutenant with the Cook County Sheriff's Office and an Army veteran.

5.      Defendant DAVIDOFF is a Swiss company with its principal place of business in Basel, Switzerland.

6.      Defendant GERALD BERNARD GALLERY, INC. does business as cigar shop The Up Down Tobacco Shop, and is an Illinois Corporation with its principal place of business in Chicago, Illinois.

7.      Defendant BIGGS MANSION, LLC is an Illinois LLC with its principal place of business in Chicago, Illinois.

## JURISDICTION AND VENUE

8.      This case presents a federal question of patent infringement under 35 U.S.C. § 271 and 289, and as a result, this Court has subject matter jurisdiction.

9.      DAVIDOFF has sold and offered for sale infringing products in this District. Because DAVIDOFF is a foreign entity, venue is governed by 28 U.S.C. § 1391(c)(3), not 28 U.S.C. § 1400(b), and is appropriate in this District based on acts of infringement in this District.

10.     The remaining Defendants have sold and offered for sale infringing products in this District and have their principal places of business in this District, so venue is appropriate as to those Defendants under 28 U.S.C. § 1400(b).

## THE PATENT

11.     The '884 Patent claims "[t]he ornamental design for a glass with integrated rests for tobacco products[.]"

12.     The invention in the '884 Patent is depicted in a series of figures in the patent, including Figures 1 and 8:



FIG. 1          FIG. 8

## THE INFRINGING PRODUCT

13.    SAJ accuses Defendants of infringing the sole claim in the '884 Patent through sales and offers for sale in the United States of at least the Davidoff Winston Churchill Cigar Spirit Glasses, both individually and as part of cigar/glass gift sets.  The following images of the infringing product are taken from the DAVIDOFF website:



3

## COUNT I – WILLFUL PATENT INFRINGEMENT

14.     The above paragraphs are incorporated herein.

15.     SAJ GROUP is the owner of all rights and interests in the '884 Patent.

16.     Defendants have infringed the sole claim of the '884 Patent through at least the sale and offer for sale of the Davidoff Winston Churchill Cigar Spirit Glasses, also known as Spirit Rest and Cigar Rest Glassware.

17.     DAVIDOFF has been aware of SAJ's pending patent application, and upon information and belief, has monitored the status of the application and has been aware that it issued as the '884 Patent.

**WHEREFORE,** Plaintiff ask the Court to:

18.     Declare that Defendants have infringed the '884 Patent;

19.     Award damages in the amount of the greater of (A) disgorgement of Defendants' profits or (B) a reasonable royalty plus treble damages for willful infringement;

20.     Award attorney fees and costs pursuant to Section 285 of the Patent Act;

21.     Grant any further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorneys for Plaintiff

Jonathan Loevy
Matthew Topic
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900
matt@loevy.com