AO 120 (Rev. 08/10)

| TO: **Mail Stop 8**<br>**Director of the U.S. Patent and Trademark Office**<br>**P.O. Box 1450**<br>**Alexandria, VA 22313-1450** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR**<br>**TRADEMARK** |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been

filed in the U.S. District Court _____ Middle District of Florida _____ on the following

[ ] Trademarks or ✖ Patents. ( [ ] the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>8:23-cv-2396-JSM-AAS | DATE FILED<br>October 23, 2023 | U.S. DISTRICT COURT<br>Middle District of Florida |
|---|---|---|
| PLAINTIFF<br><br>SAJ GROUP, LLC | | DEFENDANT<br><br>DAVIDOFF OF GENEVA USA INC., et al. |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1    see attached. | | |

| CLERK<br>ELIZABETH M. WARREN | (BY) DEPUTY CLERK<br>S. M. | DATE<br>October 24, 2023 |
|---|---|---|

**Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy**

# UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF FLORIDA

## TAMPA DIVISION

| | |
|---|---|
| SAJ GROUP, LLC, | Case No. 8:23-cv-02396 |
| Plaintiff, | |
| v. | **COMPLAINT FOR PATENT INFRINGEMENT DEMAND FOR A JURY TRIAL** |
| OETTINGER DAVIDOFF AG, and DAVIDOFF OF GENEVA USA INC., | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT
## AND DEMAND FOR JURY TRIAL

Plaintiff SAJ Group, LLC, ("SAJ Group") by its undersigned counsel and for its patent infringement complaint against Defendants Oettinger Davidoff AG ("Davidoff AG") and Davidoff of Geneva USA Inc. ("Davidoff USA"), collectively ("Davidoff") sets forth as follows:

## INTRODUCTION

1.     SAJ Group brings this patent infringement lawsuit involving U.S. Design Patent No. D819,884, issued June 5, 2018 and titled, "Glass with integrated rests for tobacco products" ("The '884 patent) and U.S. Design Patent No. D846,184, issued April 16, 2019 and titled  "Glass with integrated rests for tobacco products" ("The '184 patent"), together referred to as the Patents-in-suit against Davidoff AG and Davidoff USA, pursuant to 35 U.S.C. §101 et. seq. and §§271, 281, 283, 284, 285 & 289 inclusive, for infringement of one or more claims of the patents-in-suit.

## PARTIES

2.     SAJ Group is the owner of all right, title, and interest in the Patents-in-suit. SAJ Group is incorporated in Illinois and has its principal place of business at: SAJ Group, 8354 South Oglesby, Chicago, IL 60617.

3.     James A. Shotwell is the principal of SAJ Group and the sole inventor of the Patents-in-suit. Mr. Shotwell is a veteran of the US Army National Guard in Illinois and currently lives in Chicago, Illinois

4.     Davidoff AG is a Swiss company with its principal place of business in Basel, Switzerland.

5.     Davidoff USA is a Delaware company and wholly owned subsidiary of Davidoff AG. Davidoff USA has a principal place of business at 3001 Gateway Centre Parkway Pinellas Park, Fl 33782. Davidoff USA is registered to do business in this state and can be served via its registered agent, Diane Kalambokas at 3001 Gateway Centre Parkway Pinellas Park, Fl 33782.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because SAJ Group's claims arise under the patent laws of the United States, Article 1, Section 8, Clause 8 of the U.S. Constitution, codified at 35 U.S.C. § 101 et seq.

7.     This Court has personal jurisdiction over Defendant Davidoff AG because Davidoff AG has committed and continues to commit acts of infringement in this district, namely making, selling, using, importing and

offering to sell the Winston Churchill Cigar Glass which infringes the '184 and '884 patents.

8.     This Court has personal jurisdiction over Defendant Davidoff USA because Davidoff USA's principal place of business is located in this district at 3001 Gateway Centre Parkway Pinellas Park, Fl 33782. *See* http://oettingerdavidoff.com/who-we-are.

9.     Davidoff USA also makes, sells, uses, imports and offers to sell infringing products in this district.

10.     Venue is proper in this Court as against Defendant Davidoff USA under 28 U.S.C. § 1400(b) based on information set forth herein, namely Davidoff USA's acts of infringement and maintenance of at least one regular and established place of business within this District .

11.     Because Davidoff AG is a foreign entity, venue is governed by 28 U.S.C. § 1391(c)(3) and is proper in this Court based on Davidoff AG's acts of infringement in this District.

**THE ASSERTED DESIGN PATENTS**

12.     On November 22nd, 2016 Mr. Shotwell filed a patent application for the ornamental design of a glass with integrated rests for tobacco products he invented. His invention was granted several patents including the '884 patent and the '184 patent. Mr. Shotwell designed the inventions covered by the '884 and '184 patents while working at the Cook County Public Defender's Office as the Deputy Chief of Investigations.

13.     The '884 patent was duly and legally issued by the United States Patent Office on June 5th, 2018. Defendants have no license to the '884 patent either expressly or implicitly nor does Defendant enjoy or benefit from any rights in the '884 patent whatsoever.

14.     A true and correct copy of the '884 patent is attached as **Exhibit A**.

15.     The '184 patent was duly and legally issued by the United States Patent Office on April 16th, 2019. Defendants have no license to the '184 patent either expressly or implicitly nor does Defendant enjoy or benefit from any rights in the '884 patent whatsoever.

16.     A true and correct copy of the '184 patent is attached as **Exhibit B.**

17.     Copies from the figures of the '884 and '184 patent are produced below:



FIG. 8

*Figure from the'884 patent*

FIG. 1

*Figure from the '184 Patent*

**THE INFRINGING PRODUCTS**

18.     Defendants have and continue to sell and offer to sell the "Davidoff

Winston Churchill Cigar Spirit Glass" ("Cigar Glass"). The following images of the product were taken from the Davidoff USA website:



19.     The Davidoff USA website describes, "These glasses are equipped with two notches that are designed to rest your cigar." *See* https://us.davidoffgeneva.com/davidoff-winston-churchill-cigar-spirit-glass/

20.     As shown, the Cigar Glass includes key features of the Patents-in-suit. The Cigar Glass has integrated rests which are used to hold tobacco products.

21.     The integrated rests of the Cigar Glass are virtually identical to the integrated rests claimed by the Patents-in-suit.

22.     An ordinary observer or purchaser would find the overall design of Patents-in-suit and the Cigar Glass substantially similar and mistakenly purchase a DavidoffCigar Glass thinking it to be the patented Cigar Glass.

23.     The term "Infringing Products" refers to, by way of example and without limitation, Defendant's "Davidoff Winston Churchill Cigar Spirit Glass."

## BACKGROUND

24.     Davidoff AG has been aware of the '884 and '184 patents and their infringement of the patents at least as early as August 23, 2017.

25.     On August 23, 2017 Hans-Kristian Hoejsgaard, then CEO of Davidoff AG, received a letter ("The August 23, 2017 Letter") via UPS from Reginald J. Hill on behalf of SAJ Group LLC.

26.     The August 23, 2017 letter contained a copy of the figures of the '184 and '884 patent applications without identifying the patent applications by number.

27.     The August 23, 2017 letter identified the Cigar Glass as likely infringing the patent rights that would be granted when the '184 and '884 patents issue.

28.     On September 22, 2017 Davidoff AG responded to the August 23, 2017 letter via counsel. This reply did not deny the similarity of the Cigar Glass to Mr. Shotwell's designs.

29.     Further communication with Davidoff AG did not lead to any agreement.

30.     On information and belief, Davidoff AG and Davidoff USA have monitored the prosecution of the '184 and '884 patents and became aware of their issue.

31.     On April 17, 2019, SAJ Group filed a complaint for patent infringement against Davidoff AG and other defendants in the Northern District

of Illinois alleging infringement of the '884 patent. *See* SAJ Group, LLC v. Oettinger Davidoff AG et al., NDIL Case No. 1:19–cv–02606. The April 2019 complaint is attached as **Exhibit C.**

32.    The April 2019 complaint informed Davidoff AG of the '884 patent and identified the Cigar Glass as infringing the '884 patent.

33.    On September 11, 2019, SAJ Group voluntarily dismissed it's earlier case against all defendants, prior to the filing of an answer or motion from the earlier defendants, and the case was dismissed without prejudice on September 12, 2019. *See Id* at Dkt. Nos. 32 and 33.

34.    Davidoff AG and Davidoff USA continued to manufacture, sell, import and offer to sell the Cigar Glass throughout this period.

35.    Davidoff AG and Davidoff USA feature the Cigar Glass prominently in their advertisements to bolster sales of premium cigars:



*Taken on 4/30/2023 at Davidoff USA flagship store in Houston Texas*

36.     Davidoff AG and Davidoff USA bundle sales of the Cigar Glass to sales of premium cigars which leads to increased sales of their premium cigars:




https://us.davidoffgeneva.com/davidoff-winston-churchill-the-original-series-toro-set/

### COUNT 1 –INFRINGEMENT OF THE '884 PATENT

37.     Plaintiff restates and realleges paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38.     Defendants have, under 35 U.S.C. § 271(a), directly infringed, and continue to infringe the sole claim of the '884 patent at least through the sale, offer for sale, and manufacture of the Infringing Products.

39.     On information and belief, Defendants have been aware of the '884 patent both while it was pending and after it was granted.

40.     Defendants' infringement has been, and continues to be, knowing, intentional, and willful. This case is exceptional and, therefore, SAJ Group is

entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

41.     On information and belief, Defendants did not have a reasonable basis for believing that the '884 Patent was invalid.

42.     Defendants' acts of infringement of the '884 patent have caused and will continue to cause SAJ Group damages for which SAJ Group is entitled to compensation pursuant to 35 U.S.C. §§ 284, 285 and/or 289.

## COUNT 2 –INFRINGEMENT OF THE '184 PATENT

43.     Plaintiff restates and realleges paragraphs 1 through 36 of this Complaint as if fully set forth herein.

44.     Defendants have, under 35 U.S.C. § 271(a), directly infringed, and continue to infringe the sole claim of the '184 patent at least through the sale, offer for sale, and manufacture of the Infringing Products.

45.     On information and belief, Defendants have been aware of the '184 patent both while it was pending and after it was granted.

46.     Defendants' infringement has been, and continues to be, knowing, intentional, and willful. This case is exceptional and, therefore, SAJ Group is entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

47.     On information and belief, Defendants did not have a reasonable basis for believing that the '184 Patent was invalid.

48.     Defendants' acts of infringement of the '184 patent have caused and will continue to cause SAJ Group damages for which SAJ Group is entitled to compensation pursuant to 35 U.S.C. §§ 284, 285 and/or 289.

## JURY TRIAL DEMANDED

49.    SAJ Group respectfully demands a trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

50.    WHEREFORE, SAJ Group respectfully requests the Court enter judgment in favor of SAJ Group on all counts and grant the following relief:

a. Permanent injunctive relief barring the activities of Defendants that infringe upon SAJ Group's rights in the Patents-in-suit;

b. Award damages to SAJ Group in an amount of a reasonable royalty under 35 U.S.C. 284;

c. Award damages to SAJ Group in an amount of disgorgement of Defendants' profits under 35 U.S.C. 289.

d. A judgment that this case is exceptional;

e. Award to SAJ Group its reasonable attorney's fees, costs, and expenses pursuant to 35 U.S.C. 285 or otherwise permitted by law;

f. An award enhancing the damages awarded to SAJ up to treble damages for willful infringement under 35 U.S.C.284.

g. Award to SAJ Group Pre- and post-judgment interest on the damages awarded;

h. All other relief the Court deems just and appropriate.

Dated: 10/23/2023

Respectfully submitted,

*/s/ Weir L. King III*
Weir L. King III
Florida Bar No. 1039989
772-486-4486

Joseph J. Zito (Special
Admission Pending)
202-466-3500
WHITESTONE LAW
1850 Towers Crescent Plaza,
#550 Tysons, Virginia 22182
wking@whitestone.law
jzito@whitestone.law
*Attorneys for Plaintiff*
SAJ Group, LLC



US00D819884S

(12) **United States Design Patent** (10) Patent No.: **US D819,884 S**

Shotwell (45) Date of Patent: ** Jun. 5, 2018

(54) **GLASS WITH INTEGRATED RESTS FOR TOBACCO PRODUCTS**

(71) Applicant: **SAJ Group, LLC**, Chicago, IL (US)

(72) Inventor: **James A. Shotwell**, Chicago, IL (US)

(73) Assignee: **SAJ GROUP, LLC**, Chicago, IL (US)

(**) Term: **15 Years**

(21) Appl. No.: **29/585,256**

(22) Filed: **Nov. 22, 2016**

**Related U.S. Application Data**

(63) Continuation-in-part of application No. 15/355,718, filed on Nov. 18, 2016.

(51) **LOC (11) Cl.** ............................................... **27-03**

(52) **U.S. Cl.**
USPC ........................................................ **D27/135**

(58) **Field of Classification Search**
USPC ......... D27/118, 106, 102, 104, 105; D7/514,
D7/500, 510, 523, 532, 528; D9/774,
D9/767, 763, 772, 777, 778, 414, 428,
D9/429; 131/231, 240, 240.1, 241, 242
CPC ................................ A24F 15/08; A24F 15/00
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 1,106,204 | A | 8/1914 | Gross | |
| 2,092,743 | A | 9/1937 | Hirner | |
| 2,588,208 | A | 3/1952 | Connellan | |
| 2,786,474 | A | 3/1957 | Miller | |
| 2,919,096 | A | 12/1959 | Cohen | |
| D244,302 | S * | 5/1977 | Bradley | D27/104 |
| 4,142,537 | A | 3/1979 | Fenelon | |
| 4,187,864 | A | 2/1980 | Taddeo | |
| D395,097 | S * | 6/1998 | Barton | D27/135 |

(Continued)

OTHER PUBLICATIONS

International search report from PCT/US2017/061940.

*Primary Examiner* — Susan Bennett Hattan
*Assistant Examiner* — Rebecca Tsehaye
(74) *Attorney, Agent, or Firm* — Crawford Intellectual Proper; Brie A. Crawford

(57) **CLAIM**

The ornamental design for a glass with integrated rests for tobacco products, as shown and described.

**DESCRIPTION**

FIG. 1 depicts a top perspective view of the glass with integrated rests for tobacco products showing my new design;

FIG. 2 depicts a front plan view of the glass with integrated rests for tobacco products shown in FIG. 1;

FIG. 3 depicts a rear plan view of the glass with integrated rests for tobacco products shown in FIG. 1 and the reverse view of FIG. 2;

FIG. 4 depicts a top plan view of the glass with integrated rests for tobacco products shown in FIG. 1;

FIG. 5 depicts a bottom plan view of the glass with integrated rests for tobacco products shown in FIG. 1 and the reverse view of FIG. 4;

FIG. 6 depicts a left plan view of the glass with integrated rests for tobacco products shown in FIG. 1;

FIG. 7 depicts a right plan view of the glass with integrated rests for tobacco products shown in FIG. 1 and the reverse view of FIG. 6; and,

FIG. 8 depicts a top perspective view of the glass with integrated rests for tobacco products shown in FIG. 1 showing a tobacco product in broken line that forms no part of the claimed design.

The broken lines in FIG. 5 depicts a portion of the glass with integrated rests for tobacco products that forms no part of the claimed design.

**1 Claim, 4 Drawing Sheets**



(56)　　　　　　**References Cited**

U.S. PATENT DOCUMENTS

| D403,804 | S | | 1/1999 | Silkaitis | |
| 6,032,824 | A | | 3/2000 | Barrow | |
| D432,712 | S | * | 10/2000 | Perrier | D27/102 |
| D468,857 | S | * | 1/2003 | Foote | D27/104 |
| D493,011 | S | * | 7/2004 | Foote | D27/104 |
| D496,753 | S | * | 9/2004 | Thornell | D27/105 |
| 7,096,521 | B2 | | 8/2006 | Rifkin | |
| 7,661,431 | B1 | | 2/2010 | Barrios | |
| D655,984 | S | * | 3/2012 | Andreesen | D7/509 |
| D658,329 | S | * | 4/2012 | Katz | D27/125 |
| D780,992 | S | * | 3/2017 | Lozier | D27/103 |
| D785,860 | S | * | 5/2017 | Fischer | D27/102 |
| 2003/0230244 | A1 | | 12/2003 | Morrison | |
| 2008/0022937 | A1 | | 1/2008 | Shirley | |
| 2009/0272390 | A1 | | 11/2009 | Blondeel | |

* cited by examiner



FIG. 1



FIG. 2



FIG. 3



FIG. 4



FIG. 5



FIG. 6



FIG. 7



FIG. 8



(12) **United States Design Patent** (10) Patent No.: **US D846,184 S**

Shotwell (45) Date of Patent: ✶✶ **Apr. 16, 2019**

(54) **GLASS WITH INTEGRATED RESTS FOR TOBACCO PRODUCTS**

(71) Applicant: **SAJ Group, LLC**, Chicago, IL (US)

(72) Inventor: **James A. Shotwell**, Chicago, IL (US)

(73) Assignee: **SAJ Group, LLC**, Chicago, IL (US)

(**) Term: **15 Years**

(21) Appl. No.: **29/649,955**

(22) Filed: **Jun. 4, 2018**

### Related U.S. Application Data

(63) Continuation of application No. 29/585,256, filed on Nov. 22, 2016, now Pat. No. Des. 819,884, which is

(Continued)

(51) **LOC (11) Cl.** ............................................. **27-03**
(52) **U.S. Cl.**
USPC ...................................................... **D27/118**
(58) **Field of Classification Search**
USPC .............. D27/118, 135, 106, 102, 104, 105; D7/514, 500, 510, 523, 532, 528;

(Continued)

(56) **References Cited**

U.S. PATENT DOCUMENTS

D244,302 S * 5/1977 Bradley ..................... D27/104
D309,352 S * 7/1990 Harder ....................... D27/135

(Continued)

*Primary Examiner* — Susan Bennett Hattan
*Assistant Examiner* — Rebecca Tsehaye
(74) *Attorney, Agent, or Firm* — Crawford Intellectual Property Law LLC; Brie A. Crawford; Marc J. Whipple

(57) **CLAIM**

The ornamental design for a glass with integrated rests for tobacco products, as shown and described.

**DESCRIPTION**

FIG. **1** depicts a top perspective view of the glass with integrated rests for tobacco products showing my new design and showing the base of the glass in broken line that forms no part of the claimed design;

FIG. **2** depicts a front elevational view of the glass with integrated rests for tobacco products shown in FIG. **1** and showing the base of the glass in broken line that forms no part of the claimed design;

FIG. **3** depicts a rear elevational view of the glass with integrated rests for tobacco products shown in FIG. **1** and the reverse view of FIG. **2** and showing the base of the glass in broken line that forms no part of the claimed design;

FIG. **4** depicts a top plan view of the glass with integrated rests for tobacco products shown in FIG. **1** and showing the base of the glass in broken line that forms no part of the claimed design;

FIG. **5** depicts a bottom plan view of the glass with integrated rests for tobacco products shown in FIG. **1** and the reverse view of FIG. **4** and showing the base of the glass in broken line that forms no part of the claimed design;

FIG. **6** depicts a left elevational view of the glass with integrated rests for tobacco products shown in FIG. **1** and showing the base of the glass in broken line that forms no part of the claimed design;

FIG. **7** depicts a right elevational view of the glass with integrated rests for tobacco products shown in FIG. **1** and the reverse view of FIG. **6** and showing the base of the glass in broken line that forms no part of the claimed design; and,

FIG. **8** depicts a top perspective view of the glass with integrated rests for tobacco products shown in FIG. **1** and showing the base of the glass and a tobacco product in broken line that forms no part of the claimed design.

The broken lines in FIGS. **1** through **8** depict a portion of the glass with integrated rests for tobacco products or a tobacco product that form no part of the claimed design.

**1 Claim, 4 Drawing Sheets**



### Related U.S. Application Data

a continuation-in-part of application No. 15/355,718, filed on Nov. 18, 2016.

(58) **Field of Classification Search**
USPC ........ D9/774, 767, 763, 772, 777, 778, 414, D9/428, 429; 131/231, 240, 240.1, 241, 131/242
CPC ................................. A24F 15/08; A24F 15/00
See application file for complete search history.

(56) **References Cited**

#### U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D395,097 S | * | 6/1998 | Barton | D27/135 |
| D455,225 S | * | 4/2002 | Whitlock | D27/133 |
| D462,803 S | * | 9/2002 | Meoli | D27/135 |
| D468,857 S | * | 1/2003 | Foote | D27/104 |
| D493,011 S | * | 7/2004 | Foote | D27/104 |
| D496,753 S | * | 9/2004 | Thornell | D27/105 |
| D658,329 S | * | 4/2012 | Katz | D27/125 |
| D771,439 S | * | 11/2016 | Miller | D7/509 |
| D780,992 S | * | 3/2017 | Lozier | D27/103 |
| D785,860 S | * | 5/2017 | Fischer | D27/102 |
| D792,797 S | * | 7/2017 | Kirchick | D11/5 |
| D819,883 S | * | 6/2018 | Shotwell | D27/118 |
| D819,884 S | * | 6/2018 | Shotwell | D27/135 |
| 2018/0140006 A1 | * | 5/2018 | Shotwell | A24F 13/12 |

* cited by examiner



FIG. 1

FIG. 2



FIG. 3



FIG. 4



FIG. 5



FIG. 6



FIG. 7



FIG. 8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NOTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| SAJ GROUP, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:19-cv-02606 |
| v. | ) | |
| | ) | |
| OETTINGER DAVIDOFF AG, | ) | |
| GERALD BERNARD GALLERY, INC., | ) | |
| BIGGS MANSION, LLC, | ) | JURY DEMANDED |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT</u>

Now comes Plaintiff SAJ GROUP, LLC, by its undersigned counsel Loevy & Loevy, and

for its patent infringement complaint against Defendants OETTINGER DAVIDOFF AG,

GERALD BERNARD GALLERY, INC., and BIGGS MANSION, LLC, alleges as follows:

### INTRODUCTION

1.      This is a patent infringement lawsuit involving U.S. Design Patent No. D819,884,

issued June 5, 2018, titled "Glass With Integrated Rests for Tobacco Products" ('884 Patent).  A

copy of the '884 Patent is attached as Exhibit A.

2.      While the application for the '884 Patent was pending, SAJ GROUP contacted

DAVIDOFF to apprise it of the pending application and engaged in an unsuccessful attempt to

resolve DAVIDOFF's sales of a product that would infringe the claims of the '884 Patent.

### PARTIES

3.      Plaintiff SAJ GROUP is the owner of all right, title, and interest in '884 Patent.

SAJ GROUP has its principal place of business in Chicago, Illinois.

4.      James A. Shotwell is the principal of SAJ GROUP and the inventor of the '884

Patent.  Mr. Shotwell lives in Chicago, Illinois, and is employed by the Cook County Public

Defender's Office as Deputy Chief of Investigations. Mr. Shotwell is a former Lieutenant with the Cook County Sheriff's Office and an Army veteran.

5.      Defendant DAVIDOFF is a Swiss company with its principal place of business in Basel, Switzerland.

6.      Defendant GERALD BERNARD GALLERY, INC. does business as cigar shop The Up Down Tobacco Shop, and is an Illinois Corporation with its principal place of business in Chicago, Illinois.

7.      Defendant BIGGS MANSION, LLC is an Illinois LLC with its principal place of business in Chicago, Illinois.

## JURISDICTION AND VENUE

8.      This case presents a federal question of patent infringement under 35 U.S.C. § 271 and 289, and as a result, this Court has subject matter jurisdiction.

9.      DAVIDOFF has sold and offered for sale infringing products in this District. Because DAVIDOFF is a foreign entity, venue is governed by 28 U.S.C. § 1391(c)(3), not 28 U.S.C. § 1400(b), and is appropriate in this District based on acts of infringement in this District.

10.     The remaining Defendants have sold and offered for sale infringing products in this District and have their principal places of business in this District, so venue is appropriate as to those Defendants under 28 U.S.C. § 1400(b).

## THE PATENT

11.     The '884 Patent claims "[t]he ornamental design for a glass with integrated rests for tobacco products[.]"

12.     The invention in the '884 Patent is depicted in a series of figures in the patent, including Figures 1 and 8:



FIG. 1        FIG. 8

**THE INFRINGING PRODUCT**

13.    SAJ accuses Defendants of infringing the sole claim in the '884 Patent through sales and offers for sale in the United States of at least the Davidoff Winston Churchill Cigar Spirit Glasses, both individually and as part of cigar/glass gift sets.  The following images of the infringing product are taken from the DAVIDOFF website:



## COUNT I – WILLFUL PATENT INFRINGEMENT

14.     The above paragraphs are incorporated herein.

15.     SAJ GROUP is the owner of all rights and interests in the '884 Patent.

16.     Defendants have infringed the sole claim of the '884 Patent through at least the sale and offer for sale of the Davidoff Winston Churchill Cigar Spirit Glasses, also known as Spirit Rest and Cigar Rest Glassware.

17.     DAVIDOFF has been aware of SAJ's pending patent application, and upon information and belief, has monitored the status of the application and has been aware that it issued as the'884 Patent.

**WHEREFORE,** Plaintiff ask the Court to:

18.     Declare that Defendants have infringed the '884 Patent;

19.     Award damages in the amount of the greater of (A) disgorgement of Defendants' profits or (B) a reasonable royalty plus treble damages for willful infringement;

20.     Award attorney fees and costs pursuant to Section 285 of the Patent Act;

21.     Grant any further relief the Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorneys for Plaintiff

Jonathan Loevy
Matthew Topic
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900
matt@loevy.com

4