UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAJ GROUP, LLC,

    Plaintiff,

CASE NO: 8:23-cv-02396-KKM-AAS

v.

OETTINGER DAVIDOFF AG, and
DAVIDOFF OF GENEVA USA INC.,

    Defendant.
_____/

# DEFENDANT DAVIDOFF OF GENEVA USA, INC.'S, ANSWER AND AFFIRMATIVE DEFENSES

Defendant Davidoff of Geneva USA Inc. ("Davidoff USA") by its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff, SAJ Group, LLC's ("SAJ Group") Complaint for Patent Infringement (Doc 1). The paragraphs below correspond to the paragraphs in the Complaint for Patent Infringement.

## INTRODUCTION

1. SAJ Group brings this patent infringement lawsuit involving U.S. Design Patent No. D819,884, issued June 5, 2018 and titled, "Glass with integrated rests for tobacco products" ("The '884 patent) and U.S. Design Patent No. D846,184, issued April 16, 2019 and titled "Glass with integrated rests for tobacco products" ("The '184 patent"), together referred to as the Patents-in-suit

against Davidoff AG and Davidoff USA, pursuant to 35 U.S.C. §101 et. seq. and §§271, 281, 283, 284, 285 & 289 inclusive, for infringement of one or more claims of the patents-in-suit.

**RESPONSE:** Davidoff USA admits that SAJ Group has filed an action for infringement of U.S. Design Patent No. D819,884 and U.S. Design Patent No. D846,184, but Davidoff USA denies any liability for patent infringement.

### PARTIES

2. SAJ Group is the owner of all right, title, and interest in the Patents-in-suit. SAJ Group is incorporated in Illinois and has its principal place of business at: SAJ Group, 8354 South Oglesby, Chicago, IL 60617.

**RESPONSE:** Davidoff USA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

3. James A. Shotwell is the principal of SAJ Group and the sole inventor of the Patents-in-suit. Mr. Shotwell is a veteran of the US Army National Guard in Illinois and currently lives in Chicago, Illinois

**RESPONSE:** Davidoff USA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

4. Davidoff AG is a Swiss company with its principal place of business in Basel, Switzerland.

**RESPONSE:** Admitted.

5. Davidoff USA is a Delaware company and wholly owned subsidiary of Davidoff AG. Davidoff USA has a principal place of business at 3001 Gateway Centre Parkway Pinellas Park, Fl 33782. Davidoff USA is registered to do business in this state and can be served via its registered agent, Diane Kalambokas at 3001 Gateway Centre Parkway Pinellas Park, Fl 33782.

**RESPONSE:** Admitted that Davidoff USA is affiliated with Oettinger Davidoff AG and admitted that Davidoff USA maintains a principal place of business at 3001 Gateway Centre Parkway, Pinellas Park, FL 33782, and that Diane Kalambokas is its registered agent.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because SAJ Group's claims arise under the patent laws of the United States, Article 1, Section 8, Clause 8 of the U.S. Constitution, codified at 35 U.S.C. § 101 et seq.

**RESPONSE:** Admitted that this Court has subject matter jurisdiction over Plaintiff's claims of patent infringement.

7. This Court has personal jurisdiction over Defendant Davidoff AG because Davidoff AG has committed and continues to commit acts of infringement in this district, namely making, selling, using, importing and offering to sell the Winston Churchill Cigar Glass which infringes the `184 and `884 patents.

**RESPONSE:** Denied.

8. This Court has personal jurisdiction over Defendant Davidoff USA because Davidoff USA's principal place of business is located in this district at 3001 Gateway Centre Parkway Pinellas Park, Fl 33782. *See* http://oettingerdavidoff.com/who-we-are.

**RESPONSE:** Admitted.

9. Davidoff USA also makes, sells, uses, imports and offers to sell infringing products in this district.

**RESPONSE:** Denied.

10. Venue is proper in this Court as against Defendant Davidoff USA under 28 U.S.C. § 1400(b) based on information set forth herein, namely Davidoff USA's acts of infringement and maintenance of at least one regular and established place of business within this District.

**RESPONSE:**  Admitted that venue is proper in this district as to Davidoff USA, otherwise denied that Davidoff USA has engaged in any acts of infringement.

11.  Because Davidoff AG is a foreign entity, venue is governed by 28 U.S.C. § 1391(c)(3) and is proper in this Court based on Davidoff AG's acts of infringement in this District.

**RESPONSE:**  Denied that venue is proper in this district as to Oettinger Davidoff AG or that Oettinger Davidoff AG has engaged in any acts of infringement.

## THE ASSERTED DESIGN PATENTS

12.  On November 22, 2016, Mr. Shotwell filed a patent application for the ornamental design of a glass with integrated rests for tobacco products he invented. His invention was granted several patents including the `884 patent and the `184 patent. Mr. Shotwell designed the inventions covered by the `884 and `184 patents while working at the Cook County Public Defender's Office as the Deputy Chief of Investigations.

**RESPONSE**:  Davidoff USA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

13. The `884 patent was duly and legally issued by the United States Patent Office on June 5th, 2018. Defendants have no license to the `884 patent, either expressly or implicitly nor does Defendant enjoy or benefit from any rights in the `884 patent whatsoever.

**RESPONSE**: Davidoff USA admits that the '884 Patent was issued by the U.S. Patent Office, otherwise denied.

14. A true and correct copy of the `884 patent is attached as **Exhibit A.**

**RESPONSE**: Admitted that Exhibit A appears to be a copy of the '884 Patent.

15. The `184 patent was duly and legally issued by the United States Patent Office on April 16th, 2019. Defendants have no license to the `184 patent either expressly or implicitly nor does Defendant enjoy or benefit from any rights in the `884 patent whatsoever.

**RESPONSE:** Davidoff USA admits that the '184 Patent was issued by the U.S. Patent Office, otherwise denied.

16. A true and correct copy of the `184 patent is attached as **Exhibit B.**

**RESPONSE**: Admitted that Exhibit A appears to be a copy of the '184 Patent.

17. Copies from the figures of the `884 and `184 patent are produced below:



| FIG. 8 | FIG. 1 |
|---|---|
| *Figure from the '884 patent* | *Figure from the '184 Patent* |

**RESPONSE:** Admitted that Paragraph 17 appears to contain figures from the '884 and '184 Patents.

### THE INFRINGING PRODUCTS

18. Defendants have and continue to sell and offer to sell the "Davidoff Winston Churchill Cigar Spirit Glass" ("Cigar Glass"). The following images of the product were taken from the Davidoff USA website:

--7--



**RESPONSE:** Davidoff USA admits that Davidoff USA sells the Winston Churchill Cigar Spirit Glass.

19. The Davidoff USA website describes, "These glasses are equipped with two notches that are designed to rest your cigar." *See* https://us.davidoffgeneva.com/davidoff-winston-churchill-cigar-spirit-glass/

**RESPONSE:** Davidoff USA admits the Davidoff USA website contains the quoted language.

20. As shown, the Cigar Glass includes key features of the Patents-in-suit. The Cigar Glass has integrated rests which are used to hold tobacco products.

**RESPONSE:** Denied.

21. The integrated rests of the Cigar Glass are virtually identical to the integrated rests claimed by the Patents-in-suit.

**RESPONSE:** Denied.

22. An ordinary observer or purchaser would find the overall design of Patents-in-suit and the Cigar Glass substantially similar and mistakenly purchase a Davidoff Cigar Glass thinking it to be the patented Cigar Glass.

**RESPONSE:** Denied.

23. The term "Infringing Products" refers to, by way of example and without limitation, Defendant's "Davidoff Winston Churchill Cigar Spirit Glass."

**RESPONSE:** Denied that the Davidoff Winston Churchill Cigar Spirit Glass is an Infringing Product.

## BACKGROUND

24. Davidoff AG has been aware of the '884 and '184 patents and their infringement of the patents at least as early as August 23, 2017.

**RESPONSE:** Denied.

25. On August 23, 2017 Hans-Kristian Hoejsgaard, then CEO of Davidoff AG, received a letter ("The August 23, 2017 Letter") via UPS from Reginald J. Hill on behalf of SAJ Group LLC.

**RESPONSE:** Admitted the letter was received, otherwise denied.

26. The August 23, 2017 letter contained a copy of the figures of the '184 and '884 patent applications without identifying the patent applications by number.

**RESPONSE:** Denied.

27. The August 23, 2017 letter identified the Cigar Glass as likely infringing the patent rights that would be granted when the '184 and '884 patents issue.

**RESPONSE:** Denied.

28. On September 22, 2017 Davidoff AG responded to the August 23, 2017 letter via counsel. This reply did not deny the similarity of the Cigar Glass to Mr. Shotwell's designs.

**RESPONSE:** Denied.

29. Further communication with Davidoff AG did not lead to any agreement.

**RESPONSE:** Admitted.

30. On information and belief, Davidoff AG and Davidoff USA have monitored the prosecution of the `184 and `884 patents and became aware of their issue.

**RESPONSE:** Denied.

**31.** On April 17, 2019, SAJ Group filed a complaint for patent infringement against Davidoff AG and other defendants in the Northern District of Illinois alleging infringement of the `884 patent. *See* SAJ Group, LLC v.

Oettinger Davidoff AG et al., NDIL Case No. 1:19—cv—02606. The April 2019 complaint is attached as **Exhibit C.**

**RESPONSE:** Admitted.

32. The April 2019 complaint informed Davidoff AG of the `884 patent and identified the Cigar Glass as infringing the `884 patent.

**RESPONSE:** Admitted.

33. On September 11, 2019, SAJ Group voluntarily dismissed its earlier case against all defendants, prior to the filing of an answer or motion from the earlier defendants, and the case was dismissed without prejudice on September 12, 2019. *See Id* at Dkt. Nos. 32 and 33.

**RESPONSE:** Admitted the case was dismissed, otherwise denied.

34. Davidoff AG and Davidoff USA continued to manufacture, sell, import and offer to sell the Cigar Glass throughout this period.

**RESPONSE:** Admitted that Davidoff USA sells the glass depicted in Paragraph 18 of the Complaint, otherwise denied.

35. Davidoff AG and Davidoff USA feature the Cigar Glass prominently in their advertisements to bolster sales of premium cigars:



*Taken on 4/30/2023 at Davidoff USA flagship store in Houston Texas*

**RESPONSE:** Denied.

36. Davidoff AG and Davidoff USA bundle sales of the Cigar Glass to sales of premium cigars which leads to increased sales of their premium cigars:

 



https://us.davidoffgeneva.com/davidoff-winston-churchill-the-original-series-toro-set/

**RESPONSE:** Denied.

## COUNT I – INFRINGEMENT OF THE '884 PATENT

37. Plaintiff restates and realleges paragraphs 1 through 36 of this Complaint as if fully set forth herein.

**RESPONSE:** Davidoff USA reincorporates its answers to Paragraphs 1 through 36.

38. Defendants have, under 35 U.S.C. § 271(a), directly infringed, and continue to infringe the sole claim of the `884 patent at least through the sale, offer for sale, and manufacture of the Infringing Products.

**RESPONSE:** Denied.

39. On information and belief, Defendants have been aware of the `884 patent both while it was pending and after it was granted.

**RESPONSE:** Denied.

40. Defendants' infringement has been, and continues to be, knowing, intentional, and willful. This case is exceptional and, therefore, SAJ Group is entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

**RESPONSE:** Denied.

41. On information and belief, Defendants did not have a reasonable basis for believing that the '884 Patent was invalid.

**RESPONSE:** Denied.

42. Defendants' acts of infringement of the `884 patent have caused and will continue to cause SAJ Group damages for which SAJ Group is entitled to compensation pursuant to 35 U.S.C. §§ 284, 285 and/or 289.

**RESPONSE:** Denied.

### COUNT II – INFRINGEMENT OF THE '184 PATENT

43. Plaintiff restates and realleges paragraphs 1 through 36 of this Complaint as if fully set forth herein.

**RESPONSE:** Davidoff USA reincorporates its answers to Paragraphs 1 through 36.

44. Defendants have, under 35 U.S.C. § 271(a), directly infringed, and continue to infringe the sole claim of the `184 patent at least through the sale, offer for sale, and manufacture of the Infringing Products.

**RESPONSE:** Denied.

45. On information and belief, Defendants have been aware of the `184 patent both while it was pending and after it was granted.

**RESPONSE:** Denied.

46. Defendants' infringement has been, and continues to be, knowing, intentional, and willful. This case is exceptional and, therefore, SAJ Group is entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

**RESPONSE:** Denied.

47. On information and belief, Defendants did not have a reasonable basis for believing that the '184 Patent was invalid.

**RESPONSE:** Denied.

48. Defendants' acts of infringement of the `184 patent have caused and will continue to cause SAJ Group damages for which SAJ Group is entitled to compensation pursuant to 35 U.S.C. §§ 284, 285 and/or 289.

**RESPONSE:** Denied.

## JURY TRIAL DEMANDED

49. SAJ Group respectfully demands a trial by jury on all claims and issues so triable.

**RESPONSE:** Admitted that SAJ Group has requested a jury trial, otherwise denied.

## PRAYER FOR RELIEF

50. WHEREFORE, SAJ Group respectfully requests the Court enter judgment in favor of SAJ Group on all counts and grant the following relief:

   a. Permanent injunctive relief barring the activities of Defendants that infringe upon SAJ Group's rights in the Patents-in-suit;

   b. Award damages to SAJ Group in an amount of a reasonable royalty under 35 U.S.C. 284;

   c. Award damages to SAJ Group in an amount of disgorgement of

    Defendants' profits under 35 U.S.C. 289.

    d. A judgment that this case is exceptional;

    e. Award to SAJ Group its reasonable attorney's fees, costs, and expenses pursuant to 35 U.S.C. 285 or otherwise permitted by law;

    f. An award enhancing the damages awarded to SAJ up to treble damages for willful infringement under 35 U.S.C.284.

    g. Award to SAJ Group Pre- and post-judgment interest on the damages awarded;

    h. All other relief the Court deems just and appropriate.

**RESPONSE:** Davidoff USA denies that SAJ is entitled to any of the relief requested in its "Prayer for Relief."

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE: NON-INFRINGEMENT

Davidoff USA does not infringe and has never infringed any valid and enforceable claim of the '884 or '184 Patents under any theory—including directly, indirectly, jointly with any other person or entity, by inducement, contributorily, or otherwise under any section of 35 U.S.C. § 271 (either literally or under the doctrine of equivalents)—and as such, is without any liability to SAJ.

## SECOND DEFENSE: INVALIDITY

The claims of the '884 and '184 Patents are invalid for failure to comply with the requirements of the patent laws of the United States, including provisions of 35 U.S.C. §§ 101, 102, 103, or 112.

## THIRD DEFENSE: LIMITATION ON DAMAGES

Any recovery of damages by SAJ is limited in whole or in part by 35 U.S.C. §§ 252, 286, 287, and/or 288.

## FOURTH DEFENSE: EQUITABLE DEFENSES

SAJ's claims for relief concerning the '884 or '184 Patents are barred, in whole or in part, under the principles of equity, including latches, waiver, estoppel, acquiescence, intervening rights, disclaimer, inequitable conduct, and/or unclean hands.

## RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES

Davidoff USA has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent throughout the course of this action. Davidoff USA reserves the right to amend, or seek to amend, its answer, including its affirmative and other defenses.

  */s/ Michael J. Colitz, III*
GRAYROBINSON, P.A.
Michael J. Colitz, III
Lead Trial Counsel
Florida Bar No. 164348
Email: michael.colitz@gray-robinson.com
101 E. Kennedy Boulevard, Suite 4000
Tampa, FL 33602
Telephone: 813-273-5000
Facsimile: 813-273-5145

*Attorneys for Defendant Davidoff of Geneva USA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2023, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                        */s/ Michael J. Colitz III*
                                        Michael J. Colitz, III