UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAJ GROUP, LLC,

Plaintiffs,

v.

Case No. 8:23-CV-02396-KKM-AAS

OETTINGER DAVIDOFF AG AND DAVIDOFF OF GENEVA USA INC.,

Defendants.

---

## Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

### 1. Date and Attendees

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 1/5/2024. Weir L. King III, Joseph J. Zito, and Michael J. Colitz III attended the conference.

### 2. Deadlines and Dates

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1)) [no later than date of Preliminary Pretrial Conference] | 01/29/2024 |

| | |
|---|---|
| Certificate of Interested Persons and Corporate Disclosure Statement [within 1 week of above if not already completed] | 01/19/2024 |
| Motions to Add Parties or Amend Pleadings [3 months after CMR conference] | 04/5/2024 |
| Disclosure of Infringement Contentions [1 month after CMR conference] | 02/05/2024 |
| Disclosure of Non-Infringement and Invalidity Contentions [within 1 month of above] | 03/04/2024 |
| Initial Identification of Disputed Claim Terms [within 1 month of above] | 03/18/2024 |
| Proposed Claim Term Constructions [within 1 month of above] | 04/15/2024 |
| Joint Claim Construction Statement [within 2 weeks of above] | 04/29/2024 |
| Technology Tutorial Conference [within 2 – 4 weeks of above] (if requested, insert date; otherwise, leave blank) | |
| Cross Claim Construction Opening Briefs [within 1 month of above] | 05/27/2024 |
| Cross Response Briefs [within 1 month of above] | 06/10/2024 |
| Joint Pre-Hearing Statement [within 1 week of above] | 06/17/2024 |
| Claim Construction Hearing [within 3 weeks of above] | 06/24/2024 |
| Disclosure of Intent to Rely on Advice of Counsel as a Defense; Amendment of Infringement, Non-Infringement and Invalidity Contentions; and Disclosure of Expert Reports on Issues Where the Party Bears the Burden of Proof | 07/15/2024 |
| Disclosure of Rebuttal Expert Reports [within 1 month of above] | 08/08/2024 |
| Fact Discovery Deadline [within 2 months of Amendments] | 09/06/2024 |

| | |
|---|---|
| Expert Discovery Deadline [within 1 month of above] | 09/20/2024 |
| Dispositive Motions<br>[within 2 months of above and at least 4 – 5 months prior to trial] | 10/21/2024 |
| Parties' Deadline to Meet and Confer In Person to Prepare Joint Final Pretrial Statement<br>[10 days prior to deadline for the final pretrial statement] | 01/10/2025 |
| Parties' Deadline for Filing Joint Final Pretrial Statement (Including Voir Dire Questions, a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (also email to chambers_FLMD_Mizelle@flmd.uscourts.gov), Witness Lists, Exhibit Lists with Objections on Approved Form); Trial Briefs (are not mandatory) | 01/24/2025 |
| Parties' Deadline for Filing All Other Motions Including Motions In Limine [All requests to limit evidence shall be included in a single motion not to exceed 25 pages without leave of Court. Responses are limited to 20 pages without leave of Court. | 02/03/2025 |
| Final Pretrial Conference<br>[Court will set a date approximately 4 weeks before trial] | |
| Trial Term Begins [Local Rules set goal of trial within 2 years in all Track Two cases; trial term must not be less than 4 months after dispositive motions deadline (unless filing of such is waived.) | March 2025 |
| Mediation Deadline: | 10/04/2024 |

The trial will last approximately 5 days and be

☒ jury.

☐ non-jury.

**3. Description of the Action**

SAJ Group alleges that Davidoff USA infringes two SAJ-owned design patents. SAJ is demanding damages. Defendant Davidoff of Geneva USA Inc. contends

that it is not infringing the Patents-in-Suit, that the Patents-in-Suit are invalid, and that no damages are owed to SAJ.

**4. Disclosure Statement**

☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

**5. Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

**6. Consent to a Magistrate Judge**

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

**7. Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

**8. Discovery Practice**

The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

**9. Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒ Yes.
☐ No; instead, the parties agree to these changes: enter changes.

B. Discovery may be needed on these subjects:

- Plaintiff will seek all materials related to sales, development, design, marketing and otherwise related to the Winston Churchill Cigar Glass ("Davidoff Glass"). Defendant Davidoff of Geneva USA disputes the relevance of the marketing or advertising of the Davidoff Glass.
- Plaintiff will seek testimony from employees of Davidoff who design, manufacture, or otherwise contribute to the development of the Davidoff Glass.

- Plaintiff will seek testimony from employees of Davidoff who market, sell, or handle advertisement for the Davidoff Glass. Defendant Davidoff of Geneva USA disputes the relevance of the marketing or advertisements of the Davidoff Glass.
- Defendant Davidoff of Geneva USA will seek discovery related to the preparation, filing, and prosecution of the Patents-in-Suit or any related applications.
- Defendant Davidoff of Geneva USA will seek discovery related to the development, design, or sales of glasses corresponding to the design depicted in the Patents-in-Suit.
- Defendant Davidoff of Geneva USA will seek discovery related to the prior litigation between the parties and the reason for the dismissal of such prior litigation.
- Defendant Davidoff of Geneva USA will seek discovery related to any prior attempt to license or sell the Patents-in-Suit.

C. Discovery should be conducted in phases:

☒ No.
☐ Yes; describe the suggested phases.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒ No.
☐ Yes; describe the issue(s).

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.

☐ Yes; describe the stipulation.

**10. Request for Special Handling**

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

**11. Certification of familiarity with the Local Rules**

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

**12. Signatures**

| | |
|---|---|
| /s/ Weir L. King<br>Weir L. King III<br>Florida Bar No. 1039989<br>772-486-4486<br>Joseph J. Zito (Pro Hac Vice)<br>202-466-3500<br>WHITESTONE LAW<br>1850 Towers Crescent Plaza,<br>#550 Tysons, Virginia 22182<br>wking@whitestone.law<br>jzito@whitestone.law<br>*Attorneys for Plaintiff* | /s/ Michael J. Colitz, III<br>Michael J. Colitz, III<br>Florida Bar No. 164348<br>GRAYROBINSON, P.A.<br>101 E. Kennedy Boulevard, Suite 4000<br>Tampa, FL 33602<br>Telephone: (813) 273-5000<br>Facsimile: (813) 273-5145<br>michael.colitz@gray-robinson.com<br>Attorneys for Defendant Davidoff Of Geneva USA Inc. |

#52657725 v2