UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAJ GROUP, LLC,

    Plaintiff,

v.                                                                    Case No: 8:23-cv-2396-KKM-AAS

OETTINGER DAVIDOFF AG and DAVIDOFF OF GENEVA USA INC.,

    Defendants.

## PATENT CASE MANAGEMENT AND SCHEDULING ORDER

Having considered the parties' Case Management Report, *see* Fed. R. Civ. P. 26(f) and Local Rule 3.02(c), the Court enters this Order whose provisions will be strictly enforced.

1)     Parties are directed to meet the deadlines below:

| | |
|---|---|
| Deadline for Initial Disclosures | 1/29/2024 |
| Mediation Notice Deadline | 2/22/2024 |
| Disclosure of Infringement Contentions | 2/5/2024 |
| Disclosure of Non-Infringement and Invalidity Contentions | 3/4/2024 |
| Initial Identification of Disputed Claim Terms | 3/18/2024 |
| Third Party Joinder / Amend Pleading | 4/5/2024 |
| Proposed Claim Term Constructions | 4/15/2024 |
| Joint Claim Construction Statement | 4/29/2024 |
| Technology Tutorial Conference | N/A |
| Cross Claim Construction Briefs | 5/27/2024 |
| Cross Response Briefs | 6/10/2024 |
| Joint Pre-Hearing Statement | 6/17/2024 |
| Claim Construction Hearing | 6/24/2024 at 9:00 a.m. |

| | |
|---|---|
| Disclosure of Intent to Rely on Advice of Counsel as a Defense; Amendment of Infringement, Non-Infringement and Invalidity Contentions; and Disclosure of Expert Reports on Issues Where the Party Bears the Burden of Proof | 7/15/2024 |
| Disclosure of Rebuttal Expert Reports | 8/8/2024 |
| Fact Discovery Deadline | 9/6/2024 |
| Expert Discovery Deadline | 9/20/2024 |
| Mediation Deadline | 10/4/2024 |
| Dispositive and *Daubert* Motions | 10/21/2024 |
| Motions *In Limine* | 4/8/2025 |
| Parties' Deadline for Filing Joint Final Pretrial Statement | 5/6/2025 |
| Joint Pretrial Statement | 5/6/2025 |
| Pretrial Conference | 5/13/2025 |
| Trial Briefs | 5/20/2025 |
| Trial Term | June 2025 |

2) Parties are further directed to meet the pretrial disclosure requirements and deadlines in Fed. R. Civ. P. 26(a)(3) and to adhere timely to all requirements in Local Rule 3.06 concerning Final Pretrial Procedures, as supplemented herein at ¶ 6.

3) This case is referred to court-annexed mediation in accordance with the rules governing mediation set forth in Chapter Four of the Local Rules. The parties shall select a Mediator, and counsel for Plaintiff is designated as Lead Counsel to coordinate the scheduling of mediation. The list of certified mediators is available on the internet at www.flmd.uscourts.gov under "For Lawyers/Mediation and Settlement." The list is not exclusive, and any certified mediator is permissible. Lead counsel must file a Mediation Notice which (a) identifies **the selected Mediator** and includes address, telephone, and facsimile information, and (b) **sets the date and place** for the mediation conference by the above-designated date. If the parties fail to select a Mediator or do not notify the Court of such selection by

the above-designated date, the Court may *sua sponte* and without further notice select an individual to serve as Mediator and issue the appointment. The mediation conference may be conducted any time on or before the above-designated date.

4) **Last Date to Mediate**: The parties shall complete the mediation conference on or before the mediation date set forth earlier in the above table. **Neither the mediator nor the parties have authority to continue the mediation conference beyond this date except on express order of the Court**. In any complex case or case involving multiple parties, the mediator has the authority to conduct the mediation in a series of sessions and in groups of parties so that mediation is complete by the last date to mediate.

5) Parties will please note that motions to amend any pleading or a motion for continuance of any pretrial conference, hearing or trial filed after issuance of this Case Management and Scheduling Order **are disfavored**. *See* Fed. R. Civ. P. 16(b)(4); Local Rule 3.08(a).

6) **PROCEDURES FOR PATENT CASES:**
   a) **Disclosure of Infringement Contentions:** A party making infringement contentions must serve on the opposing party, but not file with the Court, disclosures of the following information:
      i) The party shall disclose each asserted claim of infringement.
      ii) The party shall disclose the identity of each accused device.[1] This identification shall be as specific as possible. The party shall identify each accused device by name or model number, if known.
      iii) For each element of each asserted claim, the party shall disclose its contentions as to how each element of each claim is found in each accused device.

---

[1] The Court refers to every allegedly infringing device, method, or service as an "accused device" throughout this Order.

      iv) For each element of each asserted claim that the party contends is governed by 35 U.S.C. § 112 ¶ 6, the party shall disclose the function and structure of each element and where the function and structure is disclosed in the specification. The party shall also disclose the identity of the structure(s), act(s), or material(s) in each accused device that performs the claimed function.

      v) The party shall disclose whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the accused device.

b) **Disclosure of Non-Infringement and Invalidity Contentions:** Any party asserting non-infringement, invalidity, or unenforceability claims or defenses must serve on the opposing party, but not file with the Court, disclosures containing the following:

      i) The party shall disclose the factual basis for any allegation that it does not infringe the patent(s)-in-suit either literally or under the doctrine of equivalents and shall identify what elements it believes are not present in the accused devices and why an equivalent is not present.

      ii) The party shall disclose each item of prior art that forms the basis for any allegation of invalidity by reason of anticipation or obviousness. As for prior art that is a document, the party shall provide a copy of the document to the opposing party. As to prior art that is not documentary in nature, such prior art shall be identified with particularity (by the "who, what, when, and where," etc.) as to the publication date, sale date, use date, source, ownership, inventorship, conception, and any other pertinent information that forms the basis of the party's invalidity contentions.

      iii) The party shall disclose whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, then each such

          iv) For each element of each asserted claim that the party contends is governed by 35 U.S.C. § 112 ¶ 6, the party shall disclose the function and structure of each element and where the function and structure is disclosed in the specification. The party shall also disclose where the prior art identifies the structure(s), act(s), or material(s) in each prior art that performs the claimed function.

          v) For any grounds of invalidity based on 35 U.S.C. § 112 or other defenses, the party shall provide its reasons and evidence as to why the claims are invalid or the patent unenforceable, making specific reference to relevant portions of the specification or claims or prosecution history. Such positions shall be made in good faith.

c) **Initial Identification of Disputed Claim Terms**: Lead counsel for the parties must exchange their respective contentions of the claim terms that may need to be interpreted by the Court by the above-designated date. This exchange must be provided in writing. **The parties should be aware that, absent leave of Court, construction of more than ten (10) claim terms is highly disfavored and will not be permitted except in extenuating circumstances.**

d) **Proposed Claim Term Constructions:** By the above-designated date, the parties shall exchange, but not file with the Court, a list of each party's proposed interpretation of the disputed claim terms, along with citations to the intrinsic evidence (e.g., patent prosecution history, dictionary definitions, etc.) that support its interpretation, along with a brief summary of any testimony that is expected to be offered to support that interpretation.

e) **Disclosure of Intent to Rely on Advice of Counsel as a Defense:** By the above-designated date, any party that will rely on advice of counsel as a defense must serve on the opposing party disclosures of the following:

      i)     The party shall produce or make available for inspection and copying documents relating to the opinion(s) of counsel as to which the party agrees the attorney-client privilege has been waived.

      ii)     The party shall serve on the opposing party a privilege log identifying any other documents relating to the opinion(s) of counsel, except those authored by counsel acting solely as trial counsel, which the party withholds on the grounds of attorney-client privilege or work product protection.

The Court will not permit any party that fails to make the above disclosures relating to an opinion of counsel to rely on that opinion of counsel at trial absent a stipulation of the parties.

f)     **Joint Claim Construction Statement:** After exchanging the list discussed above (under "Proposed Claim Term Constructions"), lead counsel for the parties shall meet and confer in person by the above-designated date about the claim terms in dispute. During this conference, the parties shall narrow and finalize the claim terms that need to be interpreted by the Court. If the parties determine that a claim construction hearing is not necessary, they shall notify the Court in a timely manner. The parties shall file a Joint Claim Construction Statement, including intrinsic evidence, extrinsic evidence, and a summary of expert testimony, if any. The parties shall submit to the Court a chart with no more than ten (10) claim terms; each party's construction of each claim term; and the relevance of the construction of each claim term for summary judgment. The joint claim construction statement shall not exceed twenty-five (25) pages. The Court will not permit the presentation of argument or testimony at trial, or in connection with summary judgment motions, about any disputed claim term that was not identified in the parties' Joint Claim Construction Statement, absent good cause.

g)     **Technology Tutorial Conference:** If requested by the parties, or ordered

        by the Court, a non-adversarial tutorial conference will be scheduled. At the technology tutorial conference, the counsel for the parties shall explain the technology at issue in the litigation, but they shall not pre-argue their claim construction positions to the Court, except to point out to the Court the context of the dispute.

h) **Claim Construction Briefing:** Parties shall file cross claim construction briefs and cross reply briefs by the deadlines stated above. Each brief shall not exceed thirty (30) pages without leave of Court.

i) **Joint Pre-Hearing Statement**: Lead counsel for the parties shall confer about the claim construction hearing and file with the Court a Joint Pre-Hearing Statement informing the Court of the claim terms that will be discussed and the witnesses that will be called. The parties shall also submit a four-column claim interpretation chart in the form of Exhibit A (attached). The joint pre-hearing statement shall not exceed four (4) pages, not including Exhibit A.

j) **The claim construction hearing will last no longer than six (6) hours.**

k) **Amending Infringement, Non-Infringement, and Invalidity Contentions**: Amendments to infringement, non-infringement, or invalidity contentions shall be made in accordance with Federal Rule of Civil Procedure 26(e) upon learning that the contention is incomplete or incorrect. Any amendment to a party's infringement contentions must be timely made but in no event later than thirty (30) days after the Court's claim construction ruling. Any amendment to a party's non-infringement or invalidity contentions must be timely made but in no event later than fifty (50) days after the Court's claim construction ruling.

l) **Fact Discovery Deadline:** Discovery shall begin immediately on all discoverable issues and shall not be limited to claim interpretation. Discovery shall include any relevant opinions of counsel if Defendant intends to rely upon an opinion of counsel as a defense to a claim of willful infringement.

m) **Disclosure of Expert Reports on Issues Where the Party Bears the**

> **Burden of Proof:** On an issue where a party bears the burden of proof, that party shall serve expert reports as required by Rule 26(a)(2). Additionally, the parties will provide three (3) dates available for depositions of experts.

7) A **Pretrial Conference** will be held before the undersigned **in Courtroom 13B, 801 North Florida Avenue, Tampa, Florida,** on **May 13, 2025**, at **10:00 a.m.** Parties are directed to meet the pretrial disclosure requirements and deadlines in Fed. R. Civ. P. 26(a)(3) and to adhere to all requirements in Local Rule 3.06 concerning final pretrial procedures. The parties shall file a **joint Pretrial Statement** one week before the above-referenced pretrial conference date. Failure to do so may result in the imposition of sanctions. The parties shall file any **motions *in limine*** three weeks before the Pretrial Conference date and any **response to a motion *in limine*** one week before the Pretrial Conference date. Counsel who will act as lead trial counsel in the case and who is vested with full authority to make and solicit disclosure and agreements touching all matters pertaining to the trial must attend the Pretrial Conference. Counsel who do not attend the Pretrial Conference will not be permitted to participate in trial.

8) This case is set for **Jury Trial** during the term commencing **June 2, 2025,** before the undersigned. This **June 2025** trial term shall include the entire month. Estimated length of trial: 5 **days**.

9) **CONSENT TO TRIAL BY MAGISTRATE JUDGE**: In accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties may consent to have a United States Magistrate Judge conduct any or all further proceedings in this case, including the trial. Parties are advised that a magistrate judge can provide certainty and flexibility in scheduling, including a **date certain** for trial—unlike the district court calendar that assigns only a trial month and is subject to frequent changes due to the Court's criminal calendar. Parties may consent to proceed before a magistrate by filing a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Filing a Case/Forms/Civil Forms." Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

10) **SUMMARY JUDGMENT PROCEDURES**: The following procedures shall be followed by the parties:

   a) A party's claims or defenses for which summary judgment is sought shall be presented in a single motion and incorporated memorandum of law which, absent prior permission of the Court, shall **not exceed twenty-five (25) pages** total. Multiple motions for summary judgment will not be permitted. A violation of any of these directives will result in the Court sua sponte striking a party's motion for summary judgment and incorporated memorandum of law without notice. Any record citations should be to page and line of the filed materials.

   b) **Seven days before filing a motion for summary judgment,** the moving party shall confer in good faith with the party or parties against whom summary judgment is sought for the purpose of narrowing the factual issues in dispute. When filing the motion for summary judgment, the moving party must file a separate **"Joint Statement of Undisputed Facts"** (not exceeding 20 pages in length), agreed upon by all parties and with citations to the record. **If the parties anticipate filing cross-motions for summary judgment, they should file a single "Joint**

        **Statement of Undisputed Facts" to govern the cross-motions**, which shall certify that a good-faith conference occurred at least seven days before the first-filed motion.

   c)    Any party opposing a summary judgment motion shall file a memorandum of law in opposition no later than the time allotted pursuant to Local Rule 3.01(c). To the extent that the party opposing a motion for summary judgment disputes any facts asserted in the motion, the opposing party must include those disputed facts, with citations to the record, in the memorandum responding to the motion for summary judgment. All material facts set forth by the moving party shall be deemed admitted unless controverted by the opposing party in the response to the motion for summary judgment.

   d)    Failure to respond to a motion for summary judgment shall be deemed that the non-moving party does not oppose the motion and may result in final judgment being entered without a trial or other proceeding.

   e)    Oral argument or hearings will generally not be held on the motion.

   f)    A violation of any of these directives will result in the Court *sua sponte* striking a party's motion for summary judgment without notice.

11) **Motion *In Limine***: All requests to limit evidence shall be included in a single motion not to exceed 25 pages without leave of Court. Responses are limited to 20 pages without leave of Court.

12) **For jury trials**, not later than **fourteen (14) days** prior to the date on which the trial term is set to commence, the parties shall file the following:

   a)    **Proposed Jury Instructions**: The parties must confer about the jury instructions and submit to the Court: 1) all instructions that are undisputed; 2) instructions proposed by the plaintiff but not acceptable to the defense; and 3) instructions proposed by the defense but not acceptable to the plaintiff. A complete set of all written Proposed Jury Instructions shall bear a cover sheet with the complete style of the case

        and appropriate heading designating the submitting party; there shall be no more than one instruction per page and contain, at the end of each such instruction, citation of authorities; they shall be sequentially numbered and party-identified (e.g., Plaintiff's Requested Instruction No. 1). Counsel must email proposed jury instructions and verdict forms in Microsoft Word (.doc or .docx) format to the chambers inbox. Include the case number and case name in the subject line;

    b)     A concise (one paragraph preferably) **joint statement of the nature of the action** to be used in providing a basic explanation of the case to the jury venire;

    c)     **Proposed Verdict Form**; and

    d)     **Proposed Questions for Voir Dire:** The court conducts the initial voir dire examination and parties should submit all proposed questions by the above deadline. Counsel may submit additional follow-up questions after the court examines the jury venire, but counsel will ordinarily not be permitted to examine potential jurors.

13) **For jury trials**, each party **must** file a **Trial Brief** not later than **fourteen (14) days** prior to the date on which the trial term is set to commence. The brief should include citations of authorities and arguments specifically addressing all disputed issues of law likely to arise at trial.

14) **For bench trials**, not later than **fourteen (14) days** prior to the date on which the trial term is set to commence, each party shall file with the Clerk of Court a **Trial Brief** containing **Proposed Findings of Fact and Conclusions of Law** along with citations of authorities and arguments specifically addressing all disputed issues of law likely to arise at trial. Each proposed finding of fact shall be separately stated in numbered paragraphs and shall contain a detailed listing of the relevant material facts the party intends to prove, in a simple, narrative form. Each proposed conclusion of law shall contain a full exposition of the legal theories relied upon by counsel. After the conclusion of a bench trial, the court may allow

the parties to file additional proposed findings of fact and conclusions of law. The proposed findings of fact and conclusions of law must be emailed to the chambers inbox in Microsoft Word (.doc or .docx) format.

15) No later than **9:00 a.m.** on the business day before trial, the parties shall provide to the Court **an exhibit notebook** containing marked copies of all exhibits. The parties may contact the courtroom deputy clerk to determine whether this requirement may be waived.

16) **SETTLEMENTS**: Lead counsel (as designated above, Plaintiff's counsel) shall **immediately** notify Chambers or the Courtroom Deputy Clerk if their case has settled. *See* Local Rule 3.09. Notices of settlement must be in writing. Failure to notify the Court of a settlement before noon on Friday, May 30, 2025, will result in the parties being assessed costs for the jury venire reporting.

ORDERED in Tampa, Florida, on February 8, 2024.

*[Signature]*
Kathryn Kimball Mizelle
United States District Judge

Attached:

Exhibit A: Sample Claim Interpretation Chart

# EXHIBIT A

# CLAIM INTERPRETATION CHART

| Disputed Claim Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction | Court's Construction |
|---|---|---|---|
| "Term 1" | | | |
| "Term 2" | | | |
| "Term 3" | | | |
| "Term 4" | | | |