**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SAJ GROUP, LLC,

Plaintiff,

v. Case No. 8:23-CV-02396-WJF-AAS

DAVIDOFF OF GENEVA USA INC.,

Defendant.
_______________________________________/

**DEFENDANT'S MOTION FOR ENTITLEMENT TO ATTORNEY'S FEES AND COSTS AND MEMORANDUM OF LAW IN SUPPORT**

Defendant, Davidoff of Geneva USA, Inc. ("Davidoff"), pursuant to 35 U.S.C. § 285, 28 U.S.C. §1920, Fed. R. Civ. P. 11, Fed. R. Civ. P. 54(d), and Local Rule 7.01(a), files this Motion for Entitlement to Attorney's Fees and Costs incurred in the defense of this action filed by the Plaintiff, SAJ Group, LLC ("SAJ"). In support of this motion, Davidoff states as follows.

## I. Introduction

Sanctions are unfortunately appropriate in this case, to deter design patent holders from abusing their legal monopolies by threatening or initiating expensive yet baseless infringement lawsuits. As explained below, although the undersigned counsel knew this lawsuit was baseless from its inception, Davidoff was forced to spend hundreds of thousands of dollars

in attorney's fees and costs to defend it. Not every defendant can afford to stand its ground like Davidoff. Awarding Davidoff attorney's fees and costs will provide crucial deterrence against future baseless lawsuits.

This action involved claims of design patent infringement brought by SAJ against Oettinger Davidoff AG ("Oettinger") and Davidoff. (Dkt. 1.) More specifically, SAJ charged both Oettinger and Davidoff with infringing U.S. Design Patent Nos. D819,884 and D846,184 (the "SAJ Patents"), both of which are entitled "Glass with Integrated Rests for Tobacco Products." (*See id.*) The accused glasses included the Davidoff Winston Churchill Spirit Glass and the Davidoff Difference Glass.

Mr. James A. Shotwell is the sole inventor listed on the SAJ Patents and is also the sole owner of SAJ. SAJ is an Illinois corporation that has no employees, makes no products, and has no revenues. Davidoff is based in Pinellas Park, Florida and sells cigars and certain cigar accessories, such as ashtrays and lighters. Davidoff is affiliated with Switzerland-based Oettinger. SAJ's Complaint alleged that both Davidoff and Oettinger were infringing the SAJ Patents. (Dkt. 1.) SAJ, however, never bothered to serve Oettinger and, as a result, Oettinger was dismissed from the case. (Dkt. 53.)

SAJ's Complaint in this case was filed on October 23, 2023. Thereafter, on April 3, 2024, Davidoff served SAJ with a Motion for

Sanctions Against SAJ ("Rule 11 Motion"). Consistent with the requirements of Fed. R. Civ. P. 11, this Rule 11 Motion was not filed with the Court. Davidoff's Rule 11 Motion is presented to the Court now for consideration as **Exhibit A**.

The Rule 11 Motion detailed SAJ's enforcement efforts against Oettinger and Davidoff, which date back to August of 2017 and include a prior lawsuit brought in the Northern District of Illinois. It further detailed SAJ's fraudulent and failed efforts to secure utility patent protection for its glass design. Most significantly, Davidoff's Rule 11 Motion noted that, "[t]here are *no* similarities between the designs, much less the substantial similarity required to demonstrate infringement under the ordinary observer test. It is the complete absence of any similarities that renders SAJ's claims objectively baseless and warrants the imposition of sanctions." *See* **Exhibit A** at 19. Davidoff further noted that "with respect to the protectable, ornamental features of the Patents-in-Suit, there are no similarities to the Spirit Glass." *See id.* at 20. Despite these warnings, the twenty-one-day safe harbor period expired without SAJ voluntarily withdrawing its claims. The parties continued to litigate this matter for another nine months.

This Court granted Davidoff's Motion for Summary Judgment (Dkt. 62) on January 21, 2025 (Dkt. 79). Notably, the Court dismissed SAJ's

claims of design patent infringement on the very grounds highlighted in Davidoff's Rule 11 Motion. Namely, the Court stated, "Defendant argues that the accused products have no similarities to Defendant's products and therefore cannot infringe under the ordinary observer test. The Court agrees." (*See id.* 2.) As explained in Davidoff's Rule 11 Motion, the Court reached this conclusion after discounting the functional elements from both the patented and accused designs. (*Id.* at 7.)

Accordingly, this was not a case where some similarities existed between the patented and accused designs, presenting some basis for filing suit. Rather, as explained by Davidoff at the outset of the case, and as confirmed by the Court, there was not a single similarity between the patented and accused designs. From a legal standpoint, it would have been equally reasonable to sue Davidoff under a design patent picked at random from the USPTO. As a result, SAJ's claims were objectively baseless, and Rule 11 sanctions are unfortunately warranted.

## II. <u>Davidoff Should be Awarded Attorneys' Fees and Costs</u>

Davidoff should be awarded its Attorneys' Fees and Costs for this litigation. First, the award is warranted under Fed. R. Civ. P. 11 as crucial deterrence against future baseless lawsuits. Second, Davidoff is entitled under 35 U.S.C. § 285 to a statutory award of fees, because this is an "exceptional" case.

**a. <u>Award Under Fed. R. Civ. P. 11</u>**

"[T]he central purpose of Rule 11 is to deter baseless filings in district court . . . ." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). "Rule 11 requires an attorney who files a patent infringement action to compare the accused device with the construed patent claims." *Antonious v. Spalding & Evenflo Cos.*, 275 F.3d 1066, 1073 (Fed. Cir. 2002). The Federal Circuit "has construed Rule 11, in the context of patent infringement actions, to require that an attorney interpret the pertinent claims of the patent in issue before filing a complaint alleging patent infringement." *Antonious*, 275 F.3d at 1072 (quoting *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000)). Claim construction is a matter of law, so an attorney's proposed claim construction is subject to Rule 11(b)(2)'s requirement that all legal arguments be nonfrivolous. *Id.*

In this case, as mentioned above, no reasonable claim interpretation for the SAJ Patents would cover Davidoff's accused glasses. It has been clear from the inception of this case that no nonfrivolous legal argument could be made for patent infringement by Davidoff. SAJ's Complaint is exactly the kind of "baseless filing" Rule 11 is intended to deter. Thus, an award of attorneys' fees and costs under Rule 11 is warranted and appropriate in this case.

### b. Award Under 35 U.S.C. § 285

Pursuant to 35 U.S.C. § 285 a "court in exceptional cases may award reasonable attorney fees to the prevailing party." *Id.* "An 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). Conduct need not be otherwise sanctionable for attorney's fees to be appropriate under § 285. *Id.* at 554–55.

"District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* There is no need to show "subjective bad faith" or that a case is "exceptionally meritless." *Id.* at 554–55. As with a similar provision under the Copyright Act, "district courts [may] consider a 'nonexclusive' list of 'factors,' including frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n. 6 (quotation omitted).

The Supreme Court in *Octane Fitness* rejected a prior standard by which patent litigants had to establish their entitlement to fees under § 285 by "clear and convincing evidence." *Id.* at 1758. In so ruling, the Court held

that "§ 285 demands a simple discretionary inquiry; it imposes no specific evidentiary burden, much less such a high one." *Id.* Thus, this Court need only exercise its discretion to determine whether this case is "exceptional," considering the totality of the circumstances.

In this case, Davidoff is clearly entitled to an award under § 285. SAJ's counts of patent infringement were exceptionally meritless, as demonstrated by this Court in the Summary Judgment Order. (Dkt. 79 at 2.) Again, the accused glasses have zero similarities to the patented design, once functional features are properly discounted. (*Id.*) As argued above in relation to Rule 11, there is a strong need to deter lawsuits like this one, especially because many defendants will be unable to advance hundreds of thousands of dollars to defend them. It is also very fair to compensate Davidoff for its reasonable expenses incurred only because of SAJ's aggressive and frivolous litigation. Thus, Davidoff is entitled to an award of reasonable attorneys' fees and costs under § 285.

## III. <u>The Requested Fees are Reasonable</u>

### a. <u>The Lodestar Method</u>

The Eleventh Circuit has adopted the lodestar method to determine the reasonableness of an award of attorneys' fees. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). To determine the lodestar amount, a court must ascertain a reasonable hourly rate and

multiply it by the number of hours an attorney reasonably expended on the litigation. *Parekh v. CBS Corp.*, No. 18-466, 2019 WL 2230075, at *2 (M.D. Fla. Feb. 14, 2019). There is a "strong" presumption that the lodestar reflects a reasonable statutory fee. *Ironworkers Local 397 Pension Fund v. Window Worx, LLC*, 2018 WL 3761048, *8 (M.D. Fla. May 25, 2018).

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skill, experience and reputation. *See Gaines v. Dougherty County Board of Education*, 775 F.2d 1565, 1571 (11th Cir. 1985). With respect to the issue of hourly rates, this Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303. After determining the reasonableness of the hourly rate, the Court must next determine the reasonableness of the hours expended. *Id.* at 1301. The number of reasonable hours multiplied by the reasonable hourly rate is the lodestar amount.

The burden of establishing that a fee request is reasonable rests with the fee applicant, who must submit evidence regarding the number of hours expended and the hourly rate claimed. *Id.* at 1303. The computation of a fee award is necessarily an exercise of judgment by the Court, and there is no

precise rule or formula for making the determination. *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001).

**b. AIPLA 2023 Report of the Economic Survey**

Attached as **Exhibit B** is the 2023 Report of the Economic Survey of the American Intellectual Property Law Association (hereinafter "AIPLA Survey"). The AIPLA Survey is conducted bi-annually and examines the typical charges for representative intellectual property law services. The survey collected responses from approximately 706 individual intellectual property law attorneys across the country. This Court has previously relied upon the AIPLA Survey in determining a reasonable fee award. *See Envtl. Mfg. Sols., LLC v. Peach State Labs, Inc.*, 274 F. Supp. 3d 1298, 1322 (M.D. Fla. 2017).

The AIPLA Survey analyzes the mean and median litigation costs associated with different types of patent litigation. The amount in controversy in this litigation was less than $1,000,000, and the matter was resolved on Summary Judgment following a Markman Hearing. (Dkt. 50, 79.) Thus, the relevant Table is "Litigation-Patent Infringement, All Varieties <$1M Inclusive of discovery, motions, and claim construction (000s) by Location (Q45Ab). See **Exhibit B** at 3. This table reflects a fees and expenses median of $300,000 and a mean of $349,000.

**c. Amount of Fee Request.**

As shown below, Davidoff spent approximately $219,129.50 in legal fees and approximately $61,152.00 in costs on this matter. Thus, the total litigation costs of $280,281.50 incurred by Davidoff were significantly lower than either the mean or median total litigation costs from the AIPLA Survey. These reasonable expenses incurred by Davidoff should be awarded to Davidoff by the Court for the reasons set forth above.

| **Timekeeper** | **Position** | **Years of Practice** | **Rates** | **Hours** | **Total** |
|---|---|---|---|---|---|
| Michael J. Colitz, III | Partner | 25 Years | $600 $650 | 342.20 | $193,595.00 |
| Samuel A. Hanna | Associate | < 1 Year | $210 $280 | 17.90 | $5,012.00 |
| Faith Battaglini | Law Clerk | n/a | $144.4 | 120.60 | $17,408.50 |
| Kari Reed | Paralegal | 16.5 Years | $235 | 1.50 | $352.00 |
| Ana M. Orozco | Paralegal | 9 Years | $251.4 | 4.90 | $1,232.00 |
| Sheila Fenimore | Legal Assistant | n/a | $115 | 13.30 | $1,529.50 |
| Total Legal Fees | | | | | $219,129.50 |
| Total Additional Costs | | | | | $61,152.00 |
| **Total Litigation Cost** | | | | | **$280,281.50** |

## IV. Conclusion

Defendant Davidoff respectfully requests that this Court enter an order awarding Davidoff its attorneys' fees and costs of $280,281.50, which

were incurred in the defense of this action filed by SAJ, and any further relief the Court deems just and proper.

Respectfully submitted,

*/s/ Michael J. Colitz, III*

Michael J. Colitz, III
Florida Bar No.: 164,348
GrayRobinson, P.A.
101 E. Kennedy Blvd., Suite 4000
Tampa, FL 33602
Tel: (813)273-5000
Fax: (813) 273-5145
michael.colitz@gray-robinson.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of February 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties of record.

*/s/ Michael J. Colitz, III*
Michael J. Colitz, III

**CERTIFICATE OF CONFERENCE**

Pursuant to M.D. Fla. L.R. 3.01(g), counsel for Defendant conferred with counsel for the Plaintiff regarding the relief requested in this motion. Plaintiff opposes the relief requested in this motion.

*/s/ Michael J. Colitz, III*
Michael J. Colitz, III